UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br><br>    Defendant. | Case No. 19-cv-00215-NC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, ORDERING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 15 |

Plaintiff R.S. filed a complaint against Commissioner of Social Security Andrew M. Saul[1] alleging that he was wrongfully denied disability benefits. Dkt. Nos. 1, 3. The Commissioner moved to dismiss, arguing that R.S.'s motion was filed outside the 60-day appeals window without a request for an extension of time. Dkt. No. 15. R.S. opposed the motion to dismiss, arguing that his late appeal was the result of excusable neglect under Federal Rule of Civil Procedure 60. Dkt. No. 22. The Court FINDS that R.S.'s late filing was due to excusable neglect and that equitable tolling should apply. The motion to dismiss is DENIED. The parties are hereby ORDERED to file motions for summary judgment in accordance with the Court's Social Security Procedural Order at Dkt. No. 5.

---

[1] On June 4, 2019, the United States Senate confirmed Andrew M. Saul as the Commissioner of Social Security. *See* P.N. 94, 116th Congress (2019). Accordingly, the Court substitutes Saul for the defendant and directs the Clerk of the Court to update the case caption. *See* Fed. R. Civ. P. 25(d).

## I. Background

R.S.'s claim for disability benefits was denied by an Administrative Law Judge on November 24, 2017. Dkt. No. 15, Ex. A. He requested a review of that decision, and the Appeals Council denied his request for review on November 6, 2018. *Id*. A Notice of the Appeals Council's denial was mailed to R.S. on November 6, 2018. *Id*. The Notice indicates that R.S. had 60 days to file a civil action to contest his denial of benefits, "start[ing] the day after" he received the letter. *Id*. The Notice stated that receipt is assumed 5 days after the letter was mailed. *Id. R*.S. filed his complaint in this case on January 11, 2019. Dkt. No. 1.

## II. Legal Standard

42 U.S.C. § 405(g) states that a civil action appealing a final decision of the Commissioner of Social Security made after a hearing must be commenced within 60 days after the plaintiff's receipt of notice of the decision. The 60-day period begins to run on the day after the plaintiff receives notice of the Appeals Council's action. 20 C.F.R. §§ 404.968, 416.1468. The notice is presumed to have been received "5 days after the date on the notice." 20 C.F.R. §§ 404.901, 416.1401.

The 60-day period is not jurisdictional, but constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328, n. 9 (1976); *Weinberger v. Salfi*, 422 U.S.749, 754 (1975). As such, it is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986). The 60-day statute of limitations in § 405(g) is "contained in a statute that Congress designed to be 'unusually protective' of claimants." *Id*. at 480. Congress's authorization of the Secretary to toll the 60-day limits expresses "its clear intention to allow tolling in some cases." *Id*. In addition to the Secretary's authority, the Court may apply traditional equitable tolling principles to the 60-day period. *Id,*; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

Federal Rule of Civil Procedure 60 provides equitable relief from a judgment, order, or proceeding due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Excusable neglect includes failure to comply with a filing deadline due to an

attorney's negligence, taking into account all relevant circumstances. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009); *Pioneer Inv. Srvs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993). Four factors guide the Court's analysis of the relevant circumstances: (1) danger of prejudice to the opposing party, (2) length of delay and its potential impact on the proceedings, (3) reason for the delay, and (4) whether the movant acted in good faith. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). In this Circuit, Rule 60 should be construed liberally to ensure the general purpose of seeing that cases are tried on their merits. *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).

**III. Discussion**

Here, the Appeals Council's notice of final decision was mailed to R.S. on November 6, 2018. Dkt. No. 15, Ex. A. The letter states: "You have 60 days to file a civil action (ask for court review). The 60 days starts the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id*. This means that the letter was presumptively received 5 days after November 6, 2018, or, on November 11, 2018. As the letter states, the 60-day period started "the day after" receipt. *Id*. The day after the November 11, 2018, receipt was November 12, 2018. The sixty-day period beginning on November 12, 2018, ended on January 10, 2019. Plaintiff filed his complaint on January 11, 2019. Dkt. No. 1.

The Commissioner's motion to dismiss this case based on R.S.'s untimely filing argues repeatedly that the deadline for R.S. to file his complaint was January 9, 2019. Dkt. No. 15 at 4. This is incorrect. The deadline, as explained above, was January 10, 2019. With this in mind, the Court goes on to discuss the four factors to determine whether R.S.'s one-day-late filing was due to excusable neglect under Rule 60 and decides whether to apply traditional equitable tolling principles here.

**A. Rule 60**

First, the Court notes that the Commissioner argues in his reply brief that Rule 60

3

1  does not apply to motions to dismiss. However, he cites no authority to support this
2  notion. Though a motion to dismiss itself is not a "final judgment, order, or proceeding"
3  the Commissioner's motion to dismiss seeks dismissal of this entire action. The Court's
4  granting of that motion would constitute a final order in this case. Therefore, the Court
5  finds the application of the Rule 60 principles appropriate here.

6  To decide whether neglect was excusable under Rule 60, the Court considers: (1)
7  danger of prejudice to the opposing party, (2) length of delay and its potential impact on
8  the proceedings, (3) reason for the delay, and (4) whether the movant acted in good faith.
9  *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

10  First, the Commissioner has not articulated any prejudice it might face if the action
11  is to proceed. The Court sees no danger of prejudice to the Commissioner except for the
12  delay that this motion practice has caused in the proceedings. Noting that this delay likely
13  has a greater impact on the petitioner, who is allegedly due disability benefits that he is
14  currently not receiving, the Court finds that this factor weighs in favor of finding excusable
15  neglect.

16  Second, the length of the petitioner's delay was one day. This motion practice has
17  delayed proceedings another four months. Dkt. No. 15 (Motion to Dismiss filed May 29,
18  2019). But as the Court already determined, any delay here is more likely to harm the
19  petitioner than the Commissioner. This factor also weighs in finding excusable neglect.

20  Third, counsel for the petitioner's reason for the delay was that an incorrect date
21  was entered in his software system; instead of entering the date on R.S.'s Appeals Council
22  denial (November 6, 2018), he entered the date that R.S. was presumed to have received
23  notice of the letter (November 11, 2018) to generate a 65-day deadline. Dkt. No. 22 at 3.
24  The Court cautions plaintiff's counsel to exercise more diligence in calendaring these
25  deadlines in the future. However, the Court notes that the Commissioner erred in the exact
26  same magnitude in his own calculation of the due date for R.S.'s complaint. As both
27  parties were incorrect by one day regarding the filing deadline, the Court finds that this
28  factor is neutral as to a finding excusable neglect.

Finally, it is clear that the parties have acted in good faith. The complaint was filed only one day late, indicating that plaintiff intended all along to pursue this appeal. The Commissioner has not shown that any behavior of plaintiff or his counsel suggests bad faith. This factor weighs in favor of finding excusable neglect.

In sum, Court finds that the neglect was excusable under Rule 60.

**B. Equitable Tolling**

Generally, a litigant seeking equitable tolling must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstances stood in his way. *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012). Here, the plaintiff has not only pursued his rights by filing the complaint in this case, but has shown diligence in appealing his social security disability benefit denial over the course of multiple years. This included an initial denial, a request for a hearing before an Administrative Law Judge, a request for an Appeals Council review of the ALJ's decision, and the complaint in this case requesting review of the Appeals Council's decision. *See* Dkt. No. 15, Ex. 1 (Declaration of Christianne Voegele [incorrectly identified in the Motion to Dismiss as the "Declaration of Nancy Chung"]) at 3. Though this delay was caused by plaintiff's counsel's software mis-calendaring, the Court finds here that the combination of (1) a one-day delay, (2) the Commissioner's equal inability to calculate the correct deadline, and (3) the significant risk of prejudice to the plaintiff if his case is not heard on the merits, together make this "the rare case" where tolling should apply. *Bowen*, 476 U.S. at 480.

**C. Decision on the Merits**

Finally, the Court wishes to emphasize its view that this case should be decided on the merits. Plaintiff R.S. alleges in his complaint that the Commissioner erred in denying his application for disability benefits. Dkt. No. 1. This means that R.S. is potentially disabled and might be due financial assistance from the Social Security Administration. R.S. is proceeding in forma pauperis, meaning that this Court has found that he lacked sufficient funds to enable him to pay the filing fee to initiate this case. Dkt. Nos. 2, 8. He is represented by counsel from the Homeless Action Center, further suggesting that R.S.

may have limited financial resources. R.S.'s disability appeal should be heard on its merits so that the Court can determine whether the denial of his disability benefits was a result of errors of law or was not based on substantial evidence, as is alleged in R.S.'s complaint. Dkt. No. 1; *Rodgers,* 722 F.2d at 459.

## IV. Conclusion

The Commissioner's motion to dismiss is DENIED because the one-day-late filing of the complaint was a result of excusable neglect under Rule 60 and equitable tolling applies. The parties are hereby ORDERED to proceed with this case following the Social Security Procedural Order at Dkt. No. 5 and the Stipulated Statement of Facts at Dkt. No. 6, with the following modification: the defendant must answer the complaint **within 14 days of this Order, by October 4, 2019**.

The parties must meet and confer within 21 days of service of the defendant's answer regarding filing a joint statement of the Administrative Record. *See* Dkt. No. 6. The plaintiff must serve and file a motion for summary judgment or for remand within 28 days of service of defendant's answer. Defendant must serve and file an opposition or counter-motion within 28 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days of service of defendant's opposition or counter-motion.

**IT IS SO ORDERED.**

Dated: September 20, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge